MANNING and another *vs.* SOLIS.

Usually the fact that a purchaser sells for less than he pays, almost imme-
diately after he obtains possession of the purchased article, is considered a
strong badge of fraud, and pretty conclusive evidence that the purchaser
intended not to pay the price. *Per* LEONARD, P. J.

But where, upon a purchase of cotton for cash on delivery, the purchaser, on
the same day the cotton was delivered, sold it to a third party for about two
cents per pound less than he had agreed to pay for the same, it appearing
that the price for which he sold the cotton was the full market value; *it was
held* that this circumstance fully explained facts which ought otherwise to be
regarded as conclusive evidence of a fraudulent intention not to pay for the
cotton purchased, although the proceeds of the sale were not paid over to
the original vendor, but were temporarily deposited by the purchaser with a
friend, who refused to return the deposit, claiming to retain it for an indebt-
edness due him. CLERKE, J. dissented.

A PPEAL from an order made at a special term, denying a
motion to vacate an order of arrest.

LEONARD, P. J.   It was very properly conceded, at the
argument by the counsel for the respondent, that no case,
authorizing an arrest, was made against the defendant, except
under the 4th subdivision of the 179th section of the Code,
for "fraud in contracting the debt, or incurring the obliga-
tion for which the action is brought."

The defendant purchased from the plaintiffs a large amount
of cotton on the 1st of March, 1867, for cash on delivery, in
eight days.   The largest part of the cotton was delivered by
the plaintiffs, and received by the defendant, but some part
of the lot sold was refused by the defendant, as not equal to
the sample.   The defendant paid about one third of the
price, on the day of the delivery, but the residue has not
been paid.   The delivery was made about ten days after the
sale, the time of delivery having been extended by agree-
ment.   On the same day of the delivery to the defendant, he
sold the cotton to a third party for about two cents per pound

less than he had agreed to pay to the plaintiffs for the same, and received payment from the purchasers, in full.

Usually the fact that a purchaser sells for less than he pays, almost immediately after he obtains the possession of the purchased article, is considered a strong badge of fraud, and pretty conclusive evidence that the purchaser intended not to pay the price. In the present case it is stated, in the moving papers, and not denied by the plaintiffs, that the price for which the cotton was sold, was the full market value. It also appears that the portion of the proceeds of the sale, not paid over to the plaintiffs, was temporarily deposited by the defendant with a friend, who refused to repay him on demand, upon the ground of an indebtedness due to him from the defendant.

These are circumstances, as, I think, fully explaining facts which ought otherwise to be regarded as conclusive evidence of a fraudulent intention not to pay for the cotton purchased.

The order appealed from should be reversed, and the order of arrest vacated, with $10 costs

SUTHERLAND, J. concurred.

CLERKE, J. (dissenting.) Two circumstances are unexplained by the defendant, which, when unexplained, should be deemed badges of fraud. On the day of the delivery of the cotton, he sold it for much less than he promised to pay for it ; and, at the time he ought to have paid the plaintiffs, he withdrew his deposit from his bank, and placed it in the hands of friends of his, who were also his creditors, and who, he says, to his surprise, refused to return it, and insisted on retaining it in part payment of their demand. He gives no satisfactory reason whatever for the withdrawal of the money from the bank. From the whole circumstances of the transaction, taken in connection with the conduct of Green, as

testified to by O'Brien, I believe that the purchase was fraudulently concerted, for the purpose of reimbursing Green & Brother at the expense of the plaintiffs. It was the robbing of Peter to pay Paul.

The order should be affirmed, with costs.

Order reversed.

[NEW YORK GENERAL TERM, November 4. 1867. *Leonard, Clerke* and *Sutherland,* Justices.)